UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **J. NOAH, B.V.** <br> Sportlaan Driene 8 <br> 7552 HA Hengelo <br> The Netherlands    Plaintiff | : <br><br> : | CIVIL ACTION <br><br> NO. 1:20-CV-20560 |
| vs. | : | **JURY TRIAL DEMANDED** |
| **NAVARRO GRAY** <br> 10 Banta Place, Suite 114 <br> Hackensack, N.J. 07601    AND | | |
| **WILLIE J. MAXWELL, II, a/k/a** <br> **FETTY WAP d/b/a ZOO GANG TOURING** <br> 1401 Valley Road <br> Wayne, N.J., 07470    AND | : | |
| **ZOO GANG MUSIC, LLC d/b/a** <br> **ZOO GANG TOURING** <br> 1401 Valley Road <br> Wayne, N.J. 07470    AND | : | |
| ABC COMPANIES 1-5 and <br> JOHN DOE 1-5 | | |
| Defendants | : | |

-------------------------------------------------------------

## CIVIL COMPLAINT

A. **JURISDICTION AND VENUE**

1. Jurisdiction is based upon diversity of citizenship, to wit, 28 United States Code, Sec. 1332.

2. Venue is proper under the Federal Rules of Civil Procedure, as the Defendants are all citizens doing business and/or residing within this District.

B. **THE PARTIES**

3. Plaintiff J. NOAH, B.V. ("J. NOAH") is a Dutch limited liability company with its principal place of business located at the above-captioned address; Plaintiff J. NOAH operates as a music purchaser facilitating live musical performances before enthralled audiences

1

worldwide.

4. Defendant NAVARRO GRAY ("GRAY") is, for purposes herein, the partner and/or agent of the co-Defendants, engaged in the music business as a purveyor of talent and an entrepreneur who wears many hats, assuming different roles; for purposes herein, Plaintiff's business dealings pertaining to the subject matter of this action were all consummated through Defendant GRAY; Defendant GRAY resides and does business within this District at the above-captioned address.

5. Defendant WILLIE J. MAXWELL, II a/k/a FETTY WAP d/b/a ZOO GANG TOURING **("MAXWELL")** is a rap performer with the pseudonym "Fetty Wap" who resides and does business within this District at the above-captioned address.

6. Defendant ZOO GANG MUSIC, LLC ("ZOO GANG") is a New Jersey limited liability company doing business within this District at the above-captioned address.

7. Defendants ABC Corps. 1–5 and John Does 1–5 are fictitious entities or persons currently unknown to Plaintiff J. NOAH, B.V. who may, upon investigation, be shown to have liability in this matter.

8. At all times material hereto, the Defendants acted on behalf of themselves, and/or through the acts of their employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

C. **THE FACTS**

9. On or about February 13, 2019, Plaintiff J. NOAH entered into an express written agreement (hereinafter also referred to as "the agreement) with Defendants GRAY, MAXWELL and ZOO GANG, the salient parts of which provided for Plaintiff to pay Defendants the principal sum of Five Hundred Thousand Dollars U.S. ($500,000) in consideration for Defendants agreement to have Defendant MAXWELL perform at a "FETTY WAP EUROPEAN TOUR 2019", consisting of Twenty-Four (24) live performances from April 24, 2019 through May 19,

2019. A copy of the express written agreement is attached hereto and marked as Exhibit "A" and incorporated by reference as though fully set forth herein and made a part hereof.

10. The subject agreement called for various additional considerations to be provided to the Defendants, such as airfare, hotels, per diems, and other perks commensurate with those provided in this type of agreement.

11. The subject express written agreement was signed by Defendant GRAY on behalf of himself and the co-Defendants.

12. On or about April 9, 2019 the parties entered into an addendum to the subject agreement, titled, "Amendment to Artist Performance Agreement" (hereinafter also referred to as the "Amendment"), the relevant terms of which merely postponed the tour to September 17, 2019 to October 10, 2019; the Amendment also called for Twenty-Four (24) live performances by MAXWELL at the same aggregate price of $500,000 payable by Plaintiff. A copy of the Amendment is attached hereto and marked as Exhibit "B" and incorporated by reference as though fully set forth herein and made a part hereof.

13. The Amendment was signed by Defendant GRAY on his own behalf and on behalf of co-Defendants.

## COUNT ONE: BREACH OF EXPRESS WRITTEN AGREEMENT
## PLAINTIFF v. ALL DEFENDANTS

14. Paragraphs 1 through 13 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

15. Plaintiff J. NOAH fully performed under both the subject Agreement and the Amendment, paying $500,000 to Defendants for Twenty-Four (24) performances as agreed.

16. During the tour, and without cause or justification, after Eleven (11) performances, Defendant MAXWELL suddenly left the tour, failing to complete the remaining Thirteen (13) shows of the European tour.

3

17. Despite Defendants' repeated representations to the contrary, MAXWELL never returned to the tour, and never completed the remaining performances for which Defendants were obligated under the subject Agreement and Amendment.

18. Defendant MAXWELL's unjustified, without cause, inexcusable failure to perform the remaining performances, as required pursuant to the subject Agreement and Amendment thereto, constitute a material breach of the parties' express written agreement.

19. Upon Defendants' wrongful unilateral cancellation of the remaining performances, Plaintiff immediately demanded refund of $205,825.03, representing the amount already paid to Defendants by Plaintiff for the remaining 13 performances unilaterally cancelled by Defendants.

20. Despite Defendants' repeated promises to refund these monies, Defendants refused to refund ANY of the monies which it received for these performances; Defendants' failure to promptly and without delay refund these monies constituted a further material breach of the subject express written Agreement, which provides at Paragraph 11 the affirmative duty of Defendants to,

> "refund to J. Noah B.V. at the first request of Purchaser [J. NOAH], and without any delay . . ."

See Exhibit "A", Express Written Agreement at Paragraph 10.

21. As a direct and proximate cause of Defendants' material breach by their unforeseen and unexpected failure to perform, Plaintiff sustained consequential damages for promotional, marketing, advertising, staff, tech personnel, and related expenses in excess of Fifty-Four Thousand Dollars ($54,000), and sustained additional consequential damages related to the costs of refunding customers' tickets and convenience fees, and expenses related thereto, for a sum to be proven at trial.

22. As a direct and proximate cause of the Defendants' material breach by their unforeseen and unexpected failure to perform Plaintiff sustained incidental damages, inclusive but not limited to loss of goodwill and reputation, and loss of prospective earnings.

23. Defendants are liable to Plaintiff for their material breaches of the express written Agreement and Amendment.

WHEREFORE on Count One, Plaintiff J. NOAH demands judgment in its favor, and against all Defendants, jointly and severally, as follows:

 a) For compensatory damages totaling $205,825.03;

 b) For consequential damages totaling in excess of Fifty-Four Thousand Dollars ($54,000);

 c) For incidental damages in a sum to be proven at trial;

 d) For interest thereupon, and for such other relief as this Court may deem proper.

## COUNT TWO: CIVIL CONVERSION

## PLAINTIFF v. ALL DEFENDANTS

24. Paragraphs 1 through 23, inclusive are incorporated by reference as though fully set forth herein and made a part hereof.

25. Plaintiff paid Defendants the total aggregate sum of $500,000 prior to Defendants' completion of their obligations under the parties' express written agreements.

26. Up to and until Defendant MAXWELL performed each show, Defendants were not entitled to convert Plaintiff's deposit monies to Defendants' personal accounts, for Defendants' own usages and benefits, constituting a misappropriation of Plaintiff's funds.

27. Defendants' squandering of the aforepleaded monies of the Plaintiff constitutes actionable civil conversion.

28. As a result of Defendants' civil conversion, Plaintiff sustained damages as aforepleaded.

29. The civil conversion by Defendants' was outrageous, and was intentional, willful, wanton, and with reckless disregard to the rights of the Plaintiff.

30. Accordingly, Plaintiff is also entitled to an award of exemplary and/or punitive damages.

WHEREFORE on Count Two, Plaintiff J. NOAH demands judgment in its favor, and against all Defendants, jointly and severally, as follows:

a) For compensatory damages totaling $205,825.03;

b) For consequential damages totaling in excess of Fifty-Four Thousand Dollars ($54,000);

c) For incidental damages in a sum to be proven at trial;

d) For exemplary and/or punitive damages in a sum to be proven at trial;

e) For interest thereupon, and for such other relief as this Court may deem proper.

## COUNT THREE: CIVIL CONSPIRACY

## PLAINTIFF v. ALL DEFENDANTS

31. Paragraphs 1 through 30, inclusive are incorporated by reference as though fully set forth herein and made a part hereof.

32. The Defendants engaged in a civil conspiracy to convert Plaintiff's money and to defraud Plaintiff of its money, causing damages to Plaintiff as aforepleaded.

33. The Defendants acted in tandem to induce Plaintiff to pay for Defendant MAXWELL's performances up front in advance, having actual or constructive knowledge that MAXWELL would not perform, and with no intent of returning Plaintiff's funds.

34. Defendants' lack of intent to return Plaintiff's funds has been amply demonstrated by the failure of Defendants to return **any** of Defendants' wrongfully obtained, retained and converted funds.

35. Defendants' civil conspiracy was willful, intentional and with reckless disregard for

the rights of Plaintiff, entitling Plaintiff to an award of exemplary and/or punitive damages.

36. Defendants are liable unto Plaintiff for civil conspiracy.

WHEREFORE on Count Three, Plaintiff J. NOAH demands judgment in its favor, and against all Defendants, jointly and severally, as follows:

a) For compensatory damages totaling $205,825.03;

b) For consequential damages totaling in excess of Fifty-Four Thousand Dollars ($54,000);

c) For incidental damages in a sum to be proven at trial;

d) For exemplary and/or punitive damages in a sum to be proven at trial;

e) For interest thereupon, and for such other relief as this Court may deem proper.

**COUNT FOUR: FRAUD/DECEIT/MISREPRESENTATION**

**(AGAINST ALL DEFENDANTS**)

37. Paragraphs 1 through 36 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

38. Defendants falsely represented to Plaintiff, and deceived Plaintiff, by representing that Defendant MAXWELL will dutifully perform the agreed-upon 24 live shows.

39. Plaintiff justifiably relied on Defendants' misrepresentation, and was induced to pay funds to Defendants in advance of Defendants' performance.

40. Defendants' knew or should have known that MAXWELL would not perform all of the agreed upon 24 live performances.

41. Notwithstanding the same, MAXWELL did not perform 13 of the shows, and Defendants unlawfully retained $205,825.03 of Plaintiff's money to which they were clearly not entitled to keep.

42. Defendants' fraud was willful, intentional and with reckless disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and/or punitive damages.

7

43. Defendants are liable unto Plaintiff for fraud.

**WHEREFORE** on Count Four, Plaintiff J. NOAH demands judgment in its favor and against all Defendants, jointly and severally, as follows:

a) For compensatory damages totaling $205,825.03;

b) For consequential damages totaling in excess of Fifty-Four Thousand Dollars ($54,000);

c) For incidental damages in a sum to be proven at trial;

d) For exemplary and/or punitive damages in a sum to be proven at trial;

e) For interest thereupon, and for such other relief as this Court may deem proper.

## COUNT FIVE: UNJUST ENRICHMENT
## BREACH OF IMPLIED-IN-LAW (QUASI) AGREEMENT
## (AGAINST ALL DEFENDANTS)

44. Paragraphs 1 through 43 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

45. There existed an implied-in-law agreement between the parties.

46. Defendants materially breached the implied-in-law agreement by unjustly receiving the benefit of receipt, retention, and conversion of Plaintiff's money for their sole benefit, to the detriment of Plaintiff.

47. As a direct and proximate result of Defendants' material breach, Plaintiff sustained damages as aforepleaded.

48. Plaintiff is entitled to its quantum meruit recovery for the amount of their damages as stated previously herein.

49. Defendants are liable to Plaintiff for breach of implied-in-law "quasi" contract.

**WHEREFORE** on Count Five, Plaintiff J. NOAH demands judgment in its favor, and against all Defendants, jointly and severally, as follows:

a) For compensatory damages totaling $205,825.03;

b) For consequential damages totaling in excess of Fifty-Four Thousand Dollars ($54,000);

c) For incidental damages in a sum to be proven at trial;

d) For interest thereupon, and for such other relief as this Court may deem proper.

Respectfully submitted,

Dated: December 30, 2020

**PETER BOWERS, P.C**.
By: */s/Alexander J. Ginsburg, Esq.*
Counsel for Plaintiff
NJ ATTORNEY ID NO. 03379-2010
Email: Alex@PeterBowersPC.com