*Motion Date: March 15, 2021*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| J. NOAH, B.V.,<br><br>          Plaintiff,<br><br>   vs.<br><br>NAVARRO GRAY, WILLIE J. MAXWELL,<br>II also known as FETTY WAP doing business<br>as ZOO GANG TOURING, ZOO GANG<br>MUSIC, LLC doing business as ZOO GANG<br>TOURING, ABC COMPANIES 1-5 and<br>JOHN DOES 1-5,<br><br>          Defendants. | Case No. 20-cv-20560 (SDW) (LDW) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NAVARRO GRAY'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)

DILORENZO & RUSH
One University Plaza, Suite 210
Hackensack, New Jersey 07601
(201) 498-9474
*Attorneys for Defendant Navarro Gray*

On the Brief:
Kenneth R. Rush, Esq.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ............................................................................ 1

COMPLAINT ALLEGATIONS ........................................................................... 3

LEGAL ARGUMENT ......................................................................................... 5

    POINT I .......................................................................................................... 5

    NAVARRO GRAY IS NOT A PROPER PARTY TO THIS LAWSUIT AS A MATTER OF
    LAW ................................................................................................................. 5

    POINT II ......................................................................................................... 9

    PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P.
    12(b)(6) FOR FAILURE TO STATE A CLAIM ............................................... 9

        A.    Breach of Contract ................................................................. 11

        B.    Civil Conversion ................................................................... 13

        C.    Civil Conspiracy .................................................................. 15

        D.    Fraud/Misrepresentation ....................................................... 17

        E.    Unjust Enrichment ............................................................... 18

    POINT III ...................................................................................................... 20

    COUNT FOUR OF PLAINTIFF'S COMPLAINT, ALLEGING FRAUD /
    MISREPRESENTATION, MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 9(b)
    FOR FAILURE TO PLEAD WITH PARTICULARITY, AND BECAUSE IT IS
    DUPLICATIVE OF BREACH OF CONTRACT ............................................... 20

    CONCLUSION ............................................................................................... 23

## **TABLE OF AUTHORITIES**

### **Cases**

*Advanced Enterprises Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153, 161-62 (App. Div. 2005) ................................................................................................................................... 14

*African Bio-Botanica, Inc. v. Leiner*, 264 N.J. Super. 359, 363-64 (App. Div.), certif. denied, 134 N.J. 480 (1993) ................................................................................................................. 5

*Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 307–08 (D.N.J. 2009) ............................... 15

*Asco Power Techs., L.P. v. Pepco Techs., L.L.C.*, No. CIV. 03-1942 (GEB), 2006 WL 3000334 (D.N.J. Oct. 20, 2006)......................................................................................................... 19, 22

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009) ....................................................................... 9, 10

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) .................................................................. 10

*Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005) .................................................... 16, 17

*Barry By Ross v. N.J. State Highway Auth.*, 585 A.2d 420, 424 (N.J. Super. Ct. Ch. Div. 1990) 22

*Bd. of Educ. v. Hoek*, 168 A.2d 829, 835 (N.J. Super. Ct. App. Div. 1961)................................. 16

*Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 445-46 (3d Cir. 1999)..................................... 5

*Black v. Yates v. Mahogany Ass'n Inc.*, 129 F. 2d 227, 231 (3d Cir. 1942) ................................ 16

*Bondi v. Citigroup, Inc.*, 423 N.J. Super. 377, 431-32 (App. Div. 2011)..................................... 13

*Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 562 (D.N.J. 2002) ................................................................................................................................... 14

*Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)........................................... 11

*Capitalplus Equity, LLC v. Prismatic Development Corp.,* No. 07–321, 2008 WL 2783339 (D.N.J. July 16, 2008)................................................................................................................ 15

*Cargill Glob. Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563, 578 (D.N.J. 2010) ................. 13

*Delbridge v. Office of Public Defender*, 569 A.2d 854, 866–67 (N.J. Super. Ct. 1989) .............. 16

*Duquesne Light Co. v. Westinghouse Elec. Co.,* 66 F.3d 604, 618 (3d Cir.1995)................. 14, 17

*Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) .................................................................. 10

*First Nat'l Bank v. North Jersey Trust Co.*, 18 N.J. Misc. 449, 452 (1940)................................. 13

*Forst v. Vollick*, 9 N.J. Misc. 475, 154 A. 417 (1931)...................................................................... 6

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009)............................................... 10, 11

*Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir.2007) ......................................................... 18

*Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610 (1997)....................................................... 18

*Gross v. German Found. Indus. Initiative*, 549 F.3d 605, 610 (3d Cir. 2008) ............................... 9

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) ..................................................................... 10

*Holder v. City of Allentown*, 987 F.2d 188, 194 (3rd Cir.1993) .................................................... 10

*In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d. Cir. 1997)................... 10

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 975 F. Supp. 584, 595 (D.N.J. 1996) .... 20

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)......................... 11

*Kaplan v. First Options of Chicago, Inc.,* 19 F.3d 1503 (3d Cir. 1994).......................................... 5

*Kassin v. Compucom, Inc.,* 2012 WL 893097 (D.N.J. March 15, 2012)....................................... 18

*Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) ..................................................................... 9

*Kronfeld v. First Jersey Nat. Bank*, 638 F. Supp. 1454, 1462 (D.N.J. 1986) ......................... 20, 21

*Looman Realty Corp. v. Broad St. Nat. Bank of Trenton*, 32 N.J. 461, 476 (1960) ....................... 5

*Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004)......................................................... 21

*Marsala v. Dun & Bradstreet*, No. CV 10-302 (JLL), 2010 WL 11570249 (D.N.J. May 27, 2010)
................................................................................................................. 6, 12, 21, 22

*Metex Manufacturing Corp. v. Manson,* No. 05–2948, 2008 WL 877870 (D.N.J. Mar. 28, 2008)
................................................................................................................................ 15

*Morgan v. Union County Bd. Of Chosen Freeholders*, 633 A.2d 985, 988 (N.J. Super. Ct. App.
  Div. 1993) .................................................................................................................. 16

*Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)....................................................................... 10

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) ............................................................................... 9

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)...................................................... 11

*Pub. Serv. Enter. Group, Inc. v. Philadelphia Elec. Co.*, 722 F. Supp. 184, 219 (D.N.J. 1989).. 11

*Russo v. PPN Title Agency, LLC*, No. A-2297-15T4, 2017 WL 3081709 (N.J. Super. Ct. App. Div. July 20, 2017) .................................................................................................... 6, 7

*Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 315 (2002) ....................................... 7, 14

*Schwartz v. Hilton Hotels Corp.*, 639 F. Supp. 2d 467, 472–73 (D.N.J. 2009) .............. 7

*Sears Roebuck & Co. v. Ragucci*, 203 N.J. Super. 82, 86-87 (Law. Div. 1985) ........... 6

*Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 284 (3d Cir.), *cert. denied,* 506 U.S. 934, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992) ......................................................................... 20

*Steinberg v. Wisisch*, 6 N.J. Misc. 819, 142 A. 824 (1928) ........................................... 6

*Stopford v. Boonton Molding Co.*, 56 N.J. 169, 187-88 (1970) ...................................... 5

*Touristic Enterprises Co. v. Trane Inc.,* No. 09–02732, 2009 WL 3818087 (D.N.J. Nov. 13, 2009) .......................................................................................................................... 15

*Unifoil Corp. v. Cheque Printers & Encoders Ltd.,* 622 F.Supp. 268, 271 (D.N.J.1985) ............ 15

*Unimaven, Inc. v. Texas TR, LLC*, No. CV1712008, 2020 WL 5406162 (D.N.J. Sept. 8, 2020) 22

*Van Orman v. American Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982) ............................. 19

*VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 554 (N.J. 1994) ................................ 19

*Wanaque Borough Sewerage Auth. v. Twp. of West Milford*, 677 A.2d 747 (N.J. 1996) ............. 19

*Wasserstein v. Kovatch*, 261 N.J. Super. 277, 286 (App. Div. 1993) ............................ 14

## Rules

Fed. R. Civ. P. 12(d) ...................................................................................................... 11

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 9

FRCP 9(b) ...................................................................................................................... 20

Rule 12(b)(6) of the Federal Rules of Civil Procedure .................................................. 9

## Treatises

Restatement (Second) of Agency § 320 (1958) ............................................................. 5

*Motion Date: March 15, 2021*

## PRELIMINARY STATEMENT

Defendant Navarro Gray ("Defendant Gray" or "Gray") submits this Memorandum of Law in support of his motion to dismiss the complaint filed in this matter by plaintiff J. Noah, B.V. ("Plaintiff"). Dismissal of the complaint is warranted and required as to Defendant Gray pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because it fails to state any claims against Gray upon which relief can be granted. Dismissal is also required pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, because the complaint fails plead fraud with the requisite specificity.

By way of background, Plaintiff alleges in the complaint that it entered into a contract with the Fetty Wap defendants whereby Fetty Wap agreed to perform twenty-four (24) live concerts in Europe in exchange for monetary consideration. Plaintiff further alleges that Fetty Wap did not perform thirteen (13) of the contracted-for shows, and that Fetty Wap therefore breached the parties' contract. Plaintiff asserts five causes of action, including: breach of contract; civil conversion; civil conspiracy; fraud/misrepresentation; and unjust enrichment.

The complaint contains a single substantive allegation with respect to Defendant Gray. Specifically, Plaintiff alleges that "business dealings pertaining to the subject matter of this action were all consummated through Defendant Gray".

1

Defendant Gray is an attorney licensed in the State of New Jersey, and he has acted as Fetty Wap's agent and attorney for a number of years, including with respect to the contract at issue in this lawsuit. Defendant Gray was not a party to the contract, and did not undertake any obligations to Plaintiff under the contract. It is not alleged in the complaint that Gray himself undertook or breached any contractual obligations to Plaintiff, or that he committed any tortious or wrongful acts with respect to the Plaintiff. Rather, Gray was simply involved in the negotiation and execution of the contract as an agent and attorney of the Fetty Wap defendants.

As addressed in Point I below, it is well-settled as a matter of law that Defendant Gray, as an attorney and agent for a contracting principal, is not a proper defendant with respect to claims arising from the principal's alleged breach of the subject contract. As a result, the complaint must be dismissed with respect to Defendant Gray.

As addressed in Point II below, the complaint contains no allegations specific to Defendant Gray with respect to the asserted causes of action, thereby requiring dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In addition, as addressed in Point III below, the complaint's cause of action for fraud/misrepresentation fails to include the specificity required by Fed. R. Civ. P.

9(b), and is also duplicative of the breach of contract claim thereby requiring dismissal.

**COMPLAINT ALLEGATIONS**

This lawsuit concerns breach of contract-related claims asserted by plaintiff J. Noah, B.V. See copy of complaint attached as Exhibit A to Declaration of Kenneth R. Rush ("Rush Declaration"). Plaintiff alleges it entered into a services agreement with defendant Zoo Gang Touring for the services of Fetty Wap[1], and that the defendants breached the agreement. The purported contract was attached to the filed complaint. See Rush Declaration, Exhibit A. Specifically, it is alleged that Plaintiff and Fetty Wap agreed in the contract that Fetty Wap would perform twenty-four (24) live concerts in Europe in exchange for monetary consideration. It is further alleged that Fetty Wap failed to perform thirteen (13) of the concerts, despite being paid to perform by Plaintiff. See Rush Declaration, Exhibit A.

Defendant Gray is an attorney licensed in the State of New Jersey, and he has acted as Fetty Wap's agent and attorney for a number of years, including with respect to the contract at issue in this lawsuit. See Rush Declaration. Defendant Gray was not a party to the contract and did not undertake any obligations to Plaintiff under the contract. Rather, Gray was simply involved in the negotiation

---

[1] Defendants Willie J. Maxwell, II a/k/a Fetty Wap, Zoo Gang Touring, and Zoo Gang Music, LLC are collectively referred to herein as "Fetty Wap".

and execution of the contract as an agent and attorney of the Fetty Wap defendants. See Rush Declaration, Exhibit A.

The complaint contains a single specific allegation with respect to Defendant Gray, *to wit*, that "business dealings pertaining to the subject matter of this action were all consummated through Defendant Gray". See Rush Declaration, Exhibit A, ¶ 4. It is apparent from the contract attached to the Plaintiff's complaint that Gray did not execute the contract in his individual capacity, but rather, as "An Authorized Signatory". See Rush Declaration, Exhibit A. Moreover, it is not alleged in the complaint that Gray himself undertook or breached any contractual obligations to Plaintiff, or that he committed any tortious or wrongful acts with respect to the Plaintiff.

Nonetheless, the complaint asserts five causes of action against all defendants, including Defendant Gray, for: (1) breach of contract; (2) conversion; (3) conspiracy; (4) fraud/misrepresentation; and (5) unjust enrichment. See Rush Declaration, Exhibit A.

On February 2, 2021, Plaintiff stipulated and consented to the extension of Defendant Gray's time to answer or appear to February 5, 2021. See Rush Declaration.

## LEGAL ARGUMENT

### POINT I

### NAVARRO GRAY IS NOT A PROPER PARTY TO THIS LAWSUIT AS A MATTER OF LAW

It is respectfully submitted that Defendant Gray, as an attorney and agent for a contracting principal, is not a proper defendant with respect to claims arising from the principal's alleged breach of the subject contract. Accordingly, the complaint must be dismissed with respect to Defendant Gray.

It has long been well-settled that "[a]n agent who contracts on behalf of a fully disclosed principal is not personally liable on the contract." *African Bio-Botanica, Inc. v. Leiner*, 264 N.J. Super. 359, 363-64 (App. Div.), certif. denied, 134 N.J. 480 (1993). See also *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 445-46 (3d Cir. 1999)("an agent of a disclosed principal, even one who negotiates and signs a contract for her principal, does not become a party to the contract") citing *Kaplan v. First Options of Chicago, Inc.,* 19 F.3d 1503 (3d Cir. 1994) and Restatement (Second) of Agency § 320 (1958); *Looman Realty Corp. v. Broad St. Nat. Bank of Trenton*, 32 N.J. 461, 476 (1960)("where the principal's identity is known to the other contracting party and where the agent expressly signs [a contract] in a representative capacity, the principal, not the agent, is liable on the contract"); *Stopford v. Boonton Molding Co.*, 56 N.J. 169, 187-88 (1970)("if a

contract is made with a known agent within the scope of his authority for a known or disclosed principal, the agent cannot be held liable thereon"); *Russo v. PPN Title Agency, LLC*, No. A-2297-15T4, 2017 WL 3081709 (N.J. Super. Ct. App. Div. July 20, 2017)(holding that agent contracting on behalf of a disclosed principal could not be liable for contract breach, and that, "as a matter of law, no breach of contract action can be brought against [the agent]"); *Sears Roebuck & Co. v. Ragucci*, 203 N.J. Super. 82, 86-87 (Law. Div. 1985)("A known agent acting within the scope of his authority for a disclosed principal is not personally liable unless he expressly agrees to perform his principal's obligation"); *Forst v. Vollick*, 9 N.J. Misc. 475, 154 A. 417 (1931)(holding that agent could not be liable under contract — "Neither can the defendant be held responsible as an agent. Not only was the principal thoroughly disclosed, but the actual contract of employment was made between plaintiff and the principal"); *Steinberg v. Wisisch*, 6 N.J. Misc. 819, 142 A. 824 (1928)("When an agent for a disclosed principal has collected money for the latter, and turned it over to him, an action will not lie against the agent for a return of the money, in the absence of a special contract by the agent upon which such liability can be predicated"); *Marsala v. Dun & Bradstreet*, No. CV 10-302 (JLL), 2010 WL 11570249 (D.N.J. May 27, 2010)(in breach of contract action, dismissing complaint against certain individual defendants who executed contract between entities "because they were not parties to the contract, they are not

appropriate parties to this action", and the "contract [was] not executed by these individuals in their individual capacities").

Moreover, it is similarly well-settled that an agent cannot be responsible for torts committed by a principal. See *Schwartz v. Hilton Hotels Corp.*, 639 F. Supp. 2d 467, 472–73 (D.N.J. 2009)("An agent is liable in tort to a third party for his or her own tortious conduct – and his or her own tortious conduct only. The agent is not subject to liability for torts committed by the agent's principal that do not implicate the agent's own conduct; there is no principle of *'respondeat inferior'*"); *Russo v. PPN Title Agency, LLC*, *supra* ("an action in tort cannot be brought against a principal's agent") citing *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 315 (2002).

Here, Plaintiff's lawsuit alleges a straight-forward breach of contract scenario – Plaintiff agreed to pay Fetty Wap a sum of money for Fetty Wap's performance of 24 concerts as part of a European tour. Plaintiff alleges while it paid Fetty Wap the agreed sum, Fetty Wap performed only 11 concerts and then left the tour. Plaintiff has therefore asserted breach of contract and related causes of action as result of Fetty Wap's failure to perform the remaining 13 concerts.

As alleged in the complaint and as apparent from the face of the contract document attached to the complaint, Defendant Gray negotiated and executed the subject contract on behalf of Fetty Wap as an authorized agent. There is no

7

allegation that Gray himself owed any contractual obligations or duties to Plaintiff, that Gray breached any duty or obligation to Plaintiff, or that Gray himself committed any tortious or wrongful acts with respect to the Plaintiff.  As an agent of a disclosed principal, Gray cannot be liable as a matter of law for the principal's alleged contract breach or for the principal's alleged torts.

Accordingly, it is respectfully submitted that Plaintiff's complaint must be dismissed as to defendant Navarro Gray.

## POINT II

## PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM

The Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, the complaint must set forth facts that raise a "plausible inference" that the defendant inflicted a legally cognizable harm upon the plaintiff. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009). Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." *Id*. at 1950.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant. *Gross v. German Found. Indus. Initiative*, 549 F.3d 605, 610 (3d Cir. 2008). Legal conclusions receive no such deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. In short, when the well-pleaded complaint does not permit the court "to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) quoting *Iqbal*, 129 S.Ct. at 1949. In such circumstances, Rule 12(b)(6) is intended to "streamline litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Holder v. City of Allentown*, 987 F.2d 188, 194 (3rd Cir.1993). Therefore, when it appears from the face of the pleading that a plaintiff can prove no set of facts that would entitle it to relief, the court must dismiss plaintiff's claims. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Moreover, a pleading that offers "labels and conclusions" or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949. Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, citing *Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). See also *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) citing *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d. Cir. 1997)(stating that "a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss").

"After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shayside*, 578 F.3d 203, 210 (3d Cir. 2009), quoting *Iqbal*, 129 S. Ct. at 1949. Thus, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d. at 211, citing *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008).

Although a district court generally must confine its review on a Rule 12(b)(6) motion to the pleadings, see Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material" beyond the pleadings, *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999), including matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

## A.    Breach of Contract

With respect to a breach of contract cause of action, a plaintiff must sufficiently plead factual allegations which establish the following elements: "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that plaintiff performed its own contractual duties." *Pub. Serv. Enter. Group, Inc. v. Philadelphia Elec. Co.*, 722 F. Supp. 184, 219 (D.N.J. 1989). It is of course

elementary that a defendant must be a party to a contract to be subject to liability therefore. See *Marsala v. Dun & Bradstreet*, No. CV 10-302 (JLL), 2010 WL 11570249 (D.N.J. May 27, 2010)(in breach of contract action, dismissing complaint against certain individual defendants who executed contract between entities "because they were not parties to the contract, they are not appropriate parties to this action", and the "contract [was] not executed by these individuals in their individual capacities").

Here, it is not alleged that Defendant Gray was a party to the subject contract, and indeed, it is apparent from the complaint's allegations and from the purported contract attached to the complaint that Defendant Gray was <u>not</u> a party to the contract. Rather, Gray executed the contract on behalf of the Fetty Defendants as "authorized signatory". Moreover, it is not alleged that Defendant Gray owed any contractual obligations to Plaintiff, or that he breached any contractual obligations to Plaintiff.

Simply stated, the complaint fails to allege that Gray and Plaintiff entered into a contract and fails to allege that Gray breached any contractual obligation to Plaintiff. These failures require a dismissal of Plaintiff's the breach of contract claim.

**B.**    **Civil Conversion**

The required elements for the tort of conversion are: (1) "the property and right to immediate possession thereof belong to the plaintiff;" and (2) "the wrongful act of interference with that right by the defendant." *First Nat'l Bank v. North Jersey Trust Co.*, 18 N.J. Misc. 449, 452 (1940). Here, the complaint fails to allege specific facts demonstrating that Defendant Gray wrongfully interfered with Plaintiff's right of possession to its property. This being so, the conversion claim must be dismissed.

Additionally, in a breach of contract scenario, the tort of conversion does not lie and is not appropriate where, essentially, "there is merely a debtor/creditor relationship" between the parties. *Cargill Glob. Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563, 578 (D.N.J. 2010). Conversion is held to be non-applicable in such scenarios in order to "prevent breach of contract claims from turning into tort claims". *Id.* See also *Bondi v. Citigroup, Inc.*, 423 N.J. Super. 377, 431-32 (App. Div. 2011)("To avoid transforming a breach of contract into an act of conversion, this court has held that … [an] action for conversion will not lie in the context of a mere debt ... however. Where there is no obligation to return the identical money, but only a relationship of a debtor and creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor"); *Advanced Enterprises Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153, 161-62 (App. Div.

2005)("An action for conversion will not lie in the context of a mere debt or chose in action"). Application of the above principles warrants a dismissal of Plaintiff's conversion claim.

Finally, the economic loss doctrine also precludes Plaintiff's conversion claim. Under New Jersey Law, the economic loss doctrine serves to maintain the distinction between contract and tort. "[A] dispute [that] clearly arises out of and relates to [a] contract and its breach" should be resolved pursuant to contract law rather than tort law. *Wasserstein v. Kovatch*, 261 N.J. Super. 277, 286 (App. Div. 1993). See also *Duquesne Light Co. v. Westinghouse Elec. Co.,* 66 F.3d 604, 618 (3d Cir.1995)(the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract"); *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 562 (D.N.J. 2002).

New Jersey recognizes and enforces the economic-loss doctrine as a bar to tort claims when the damage alleged is purely economic, if and when the defendant owes no legal duty independent of a contract with the plaintiff. See *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297 (2002). It is well-settled New Jersey law that "a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Id.* at 316. The economic loss doctrine operates to bar tort claims where a plaintiff through its tort allegations

seeks to enhance the benefit of the bargain it contracted for with the defendant. *Id.* at 315-16.

Whether a tort claim can be asserted alongside a breach of contract claim depends on whether the tortious conduct is extrinsic to the contract between the parties. *Capitalplus Equity, LLC v. Prismatic Development Corp.,* No. 07–321, 2008 WL 2783339 (D.N.J. July 16, 2008); *Touristic Enterprises Co. v. Trane Inc.,* No. 09–02732, 2009 WL 3818087 (D.N.J. Nov. 13, 2009). For instance, a plaintiff may be permitted to proceed with tort claims sounding in fraud in the inducement so long as the underlying allegations involve misrepresentations unrelated to the performance of the contract, but rather precede the actual commencement of the agreement. *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 307–08 (D.N.J. 2009); *Metex Manufacturing Corp. v. Manson,* No. 05–2948, 2008 WL 877870 (D.N.J. Mar. 28, 2008); *Unifoil Corp. v. Cheque Printers & Encoders Ltd.,* 622 F.Supp. 268, 271 (D.N.J.1985)(finding that courts have "construed the law of New Jersey to prohibit fraud claims when the 'fraud contemplated by the plaintiff ... does not seem to be extraneous to the contract, but rather on fraudulent performance of the contract itself.' ").

## C.   Civil Conspiracy

In New Jersey, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful

means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005).

To make out a claim for civil conspiracy, a plaintiff must allege: (1) an affiliation of two or more parties; (2) having a common design or real agreement; (3) to achieve an unlawful purpose or to achieve a lawful purpose by unlawful means; and (4) that proximately causes plaintiff to suffer damages. *Bd. of Educ. v. Hoek*, 168 A.2d 829, 835 (N.J. Super. Ct. App. Div. 1961), rev'd in part on other grounds, 183 A.2d 633 (N.J. 1962); *Delbridge v. Office of Public Defender*, 569 A.2d 854, 866–67 (N.J. Super. Ct. 1989).

Although a plaintiff need not plead direct evidence of the agreement between the conspirators, a plaintiff must at least plead circumstantial facts supporting the logical inference that the alleged conspirators had a meeting of the minds and thus reached an understanding to work towards a common goal. *Morgan v. Union County Bd. Of Chosen Freeholders*, 633 A.2d 985, 988 (N.J. Super. Ct. App. Div. 1993). Moreover, although allegations of conspiracy are measured under the liberal Rule 8 pleading standard, conclusory allegations of conspiracy are insufficient to state a cause of action where the complaint fails to allege "facts constituting the conspiracy, its object and accomplishment." *Black v. Yates v. Mahogany Ass'n Inc.*, 129 F. 2d 227, 231 (3d Cir. 1942).

In this case, the complaint fails to allege specific facts demonstrating that Defendant Gray combined with the other defendants "to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another". Instead, the complaint merely alleges in conclusory fashion that the defendants conspired with one another.   Surely, the failure of a contracting party to fully perform a service contract does not constitute, in and of itself, a conspiracy.

Moreover, as discussed more fully in the preceding subsection, the economic loss doctrine bars tort claims when the damage alleged is purely economic, if and when the defendant owes no legal duty independent of a contract with the plaintiff. *Duquesne Light Co. v. Westinghouse Elec. Co.,* 66 F.3d 604, 618 (3d Cir.1995)(the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract").   Plaintiff's conspiracy claim is, as above, barred by the economic loss doctrine.

### D.      Fraud/Misrepresentation

"To establish common-law fraud, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005) quoting *Gennari v.*

*Weichert Co. Realtors,* 148 N.J. 582, 610 (1997).  See also *Kassin v. Compucom, Inc.,* 2012 WL 893097 (D.N.J. March 15, 2012) citing *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir.2007).  Critically, the alleged misrepresentation of fact cannot be based solely on an unfulfilled promise to perform.  *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1186 (3d Cir.1993) citing *Anderson v. Modica,* 4 N.J. 383 (1950); *Mizrahi v. Checkolite Int'l, Inc.*, No. 14-CV-7987, 2015 WL 4388336 (D.N.J. July 15, 2015).

Here, the "fraud" alleged in the complaint relates purely to Fetty Wap's alleged failure to fully perform a service contract.  Moreover, the complaint completely and utterly fails to allege Defendant Gray himself engaged in any fraudulent behavior, or that he himself engaged in any activity that would satisfy the elements necessary for a fraud claim.  As a result, Plaintiff's fraud/misrepresentation claim must be dismissed.

In addition to the foregoing, the fraud claim is also barred by the economic-loss doctrine, as discussed in the preceding subsections.  Moreover, the fraud claim fails to meet the pleading requirements of FRCP 9(b), as addressed in Point III below.

### E.    Unjust Enrichment

To establish a claim under the quasi-contractual theory of unjust enrichment, a plaintiff must show: "(1) that the defendant has received a benefit from the

plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." *Wanaque Borough Sewerage Auth. v. Twp. of West Milford*, 677 A.2d 747 (N.J. 1996). "The unjust enrichment doctrine [also] requires that [a] plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 554 (N.J. 1994).

Notably, under New Jersey law, "recovery under a theory of unjust enrichment or quantum meruit is not appropriate when a valid, unrescinded contract governs the rights of the parties." *Asco Power Techs., L.P. v. Pepco Techs., L.L.C.*, No. CIV. 03-1942 (GEB), 2006 WL 3000334 (D.N.J. Oct. 20, 2006)(also stating, "having pleaded an express contract, the plaintiff cannot without showing a rescission, recover on quasi contract") citing *Van Orman v. American Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982).

In the within matter, the complaint fails to allege Defendant Gray engaged in any activity satisfying the elements necessary for an unjust enrichment claim. Moreover, as discussed in subsection A above, Gray was not a party to the subject contract and did not undertake any obligations to Plaintiff thereby leading to the inescapable conclusion of a dismissal of Plaintiff's unjust enrichment claim.

## POINT III

**COUNT FOUR OF PLAINTIFF'S COMPLAINT, ALLEGING FRAUD / MISREPRESENTATION, MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 9(b) FOR FAILURE TO PLEAD WITH PARTICULARITY, AND BECAUSE IT IS DUPLICATIVE OF BREACH OF CONTRACT**

Dismissal of Count Four of the complaint is also warranted because: (1) it fails plead fraud with the specificity as required by FRCP 9(b); and (2) the fraud claim is duplicative of Plaintiff's breach of contract claim. Rule 9(b) reads in part, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with <u>particularity</u>." (emphasis added) "This requirement of particularity has been applied to fraud allegations under the federal acts as well as state law." *Kronfeld v. First Jersey Nat. Bank*, 638 F. Supp. 1454, 1462 (D.N.J. 1986).

"The Third Circuit has stated that, to satisfy Rule 9(b), a plaintiff must plead (1) a specific misrepresentation of material fact; (2) defendant's knowledge of its falsity; (3) plaintiff's ignorance of its falsity; (4) defendant's intention that it should be acted upon; and (5) that plaintiff acted upon it to his detriment." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 975 F. Supp. 584, 595 (D.N.J. 1996) citing *Shapiro v. UJB Financial Corp.,* 964 F.2d 272, 284 (3d Cir.), *cert. denied,* 506 U.S. 934, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992). Allegations concerning fraud must make clear the specific representations at issue, including

20

when the representations were made and by whom.  See *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004); *Marsala v. Dun & Bradstreet*, No. CV 10-302, 2010 WL 11570249 (D.N.J. May 27, 2010).  As noted in *Kronfeld v. First Jersey Nat. Bank*, 638 F. Supp. 1454 (D.N.J. 1986):

> The special pleading requirements embodied in Rule 9(b) derive "from the historically disfavored status of fraud claims at common law." Note, Pleading Securities Fraud Claims With Particularity Under Rule 9(b), 97 Harv.L.Rev. 1432, 1433 (1984).  Three policies have generally been said to underlie this special treatment of fraud claims: (1) Ensuring plaintiff has investigated and reasonably believes a fraud has occurred, (2) providing adequate notice to defendants so that they can respond to this claim, and (3) protecting the reputation of defendants.  *Seville Indus. Machinery v. Southwest Machinery,* 742 F.2d 786 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985); Sovern, Reconsidering Federal Civil Rule 9(b); 104 F.R.D. 143, 164 (1984).

[*Id.*, 638 F. Supp. at 1463].

Here, Plaintiff has failed to allege, with the particularity required by Rule 9(b), that Defendant Gray committed a fraud against Plaintiff.  The complaint does not contain any specific allegations as to Gray's purported fraudulent conduct.  Accordingly, Count Four must be dismissed.

Additionally, where a plaintiff asserts a fraud claim in connection with a contract, the alleged fraud can only properly concern the creation of the contract, not a party's performance or failure to perform thereunder.  That is, a party must

allege fraud "in the original contract, not its non-fulfillment." *Marsala v. Dun & Bradstreet*, No. 10-302, 2010 WL 11570249 (D.N.J. May 27, 2010) citing *Barry By Ross v. N.J. State Highway Auth.*, 585 A.2d 420, 424 (N.J. Super. Ct. Ch. Div. 1990)("A failure to fulfill a promise may constitute a breach of contract, but it is not fraud and the non-performance of that promise does not make it so"). Thus, where the purported fraud concerns the fulfillment of the contract, or the lack thereof, the purported fraud claim is in reality a breach of contract claim, and must be dismissed as duplicative.

Here, the crux of Plaintiff's fraud claim is that the defendants did not intend to, and ultimately failed to, honor the terms of the subject contract. It is plainly apparent that Plaintiff's fraud claim is in reality a straightforward breach of contract claim and is duplicative of Plaintiff's breach of contract claim. As such, it must be dismissed. See *Asco Power Techs., L.P. v. Pepco Techs., L.L.C.*, No. 03-1942, 2006 WL 3000334 (D.N.J. Oct. 20, 2006); *see also Marsala*, 2010 WL 11570249 (granting motion to dismiss fraud claims as duplicative of a breach of contract claim because plaintiffs did "not plead a claim of fraud in the inducement of the original contract or fraud separate from the contract"); *Unimaven, Inc. v. Texas TR, LLC*, No. CV1712008, 2020 WL 5406162 (D.N.J. Sept. 8, 2020).

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that defendant

Navarro Gray's motion to dismiss the complaint must be granted.

**DILORENZO & RUSH**

BY: _____

Kenneth R. Rush, Esq.
One University Plaza, Suite 210
Hackensack, New Jersey 07601
(201) 498-9474
krush@dilorenzo-rush.com
*Attorneys for Defendant*
*Navarro Gray*

Dated:  February 4, 2021