IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

_____

**J. NOAH, B.V.**                              :       CIVIL ACTION


                                               :       NO.   20-cv-20560 (SDW)(LDW)

vs.

**WILLIE J. MAXWELL, II d/b/a**                :
 **ZOO GANG TOURING   ET AL.**


_____


**O R D E R**


AND NOW, to wit, as of this _____ day of _____, 202__, upon due consideration, it is hereby ORDERED and DECREED that the Motion for Default Judgment is GRANTED.   It is further ORDERED and DECREED that judgment is entered in favor of plaintiff J. NOAH, B.V. and against defendants WILLIE J. MAXWELL, II d/b/a ZOO GANG TOURING and ZOO GANG MUSIC, LLC d/b/a ZOO GANG TOURING, jointly and severally, for the sum of Two Hundred Ninety-Two Thousand Sixty-Nine Dollars and Fourteen Cents ($292.069.14), plus prejudgment interest and costs.


                              **BY THE COURT:**


                              _____

                              **HON. SUSAN D. WIGENTON**


1

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

_____

**J. NOAH, B.V.**                           :        CIVIL ACTION


                                            :        NO.   20-cv-20560 (SDW)(LDW)

vs.

**WILLIE J. MAXWELL, II d/b/a**            :
 **ZOO GANG TOURING   ET AL.**


_____

## MOTION FOR DEFAULT JUDGMENT

To The Honorable Court:

    Comes now your movant, plaintiff J. NOAH, B.V., who through its legal counsel, Alexander  J. Ginsburg, Peter Bowers, P.C., respectfully moves as follows:

    1.    Movant J. NOAH, B.V. ("J NOAH") is a music promoter in the business of hosting and producing large-scale live music events, and herenow moves for default judgment for a sum certain against defendants, jointly and severally, based upon the Court's Entry of Default against said defendants entered on June 17, 2021, and further based upon defendants' failure to file a motion to lift the entry of default.

    2.    Movant entered into a written agreement with defendants which provided,  in relevant part, that in exchange for an agreed upon monetary consideration paid by movant to the respondents/defendants, that defendant WILLIE J. MAXWELL (professional known as rap performer "FETTY WAP") would perform at Twenty-Four (24) live music events, comprising a "European Tour".  A copy of the parties' agreement was attached to the Complaint duly filed in this matter.

    3.    It should be noted that all relevant dates and times pre-date the Covid-19 pandemic.

4. Movant dutifully paid defendants, in advance, the gross aggregate sum of $405,25.54. See Exhibit, "Total Paid Fetty Wap European Tour", attached and incorporated by reference as though fully set forth herein and made a part hereof.

5. Defendant WILLIE J. MAXWELL only performed at Eleven (11) shows.

6. After the eleventh (11th) show, defendants without explanation or cause suddenly reneged on the agreement, and defendant MAXWELL professionally known as FETTY WAP failed to appear to perform at the remaining 13 shows as agreed, and improperly retained all of the funds, in material breach of the parties' agreement.

7. Despite repeated demand by movant for return of the funds, defendants unlawfully retained the sum of *$202,069.14*, which represents the sum which defendants retained for the shows that were not performed. See Exhibits attached, "Money Fetty Wap Was Entitled To" and "Money Fetty Was Not Entitled To", incorporated by reference as though fully set forth herein and made a part hereof.

8. Accordingly, *$202,069.14* represents movant's actual damages.

9. Further, defendants are liable to movant for consequential damages incurred in form of monies expended for promotion, marketing, deposits paid, and related costs pertaining to the 13 dates which were cancelled due to defendant MAXWELL's unexplained failure to appear; the aggregate sum of these consequential damages is approximately Ninety Thousand Dollars ($90,000).

10. Attached and incorporated by reference is the Declaration of Hasan Ozturk, Chief Executive Officer of plaintiff/movant J. NOAH, B.V., attesting under penalty of perjury that the facts set forth in this motion, the Exhibits, and his Declaration are true and correct, to the best of

his knowledge, information and belief.

11. Based upon all of the above, plaintiff/movant seeks a default judgment in the amount of $292,069.14, plus interest from the date of the filing of this Complaint, and costs.

WHEREFORE, movant J. NOAH, B.V. respectfully requests that the within Motion for Entry of Default Judgment be GRANTED.

Dated: September 24, 2021

Respectfully submitted,

**PETER BOWERS, P.C.**
441 N. 5th Street, Suite 100
Philadelphia PA 19123
215-440-0300

*By: /Alexander J. Ginsburg, Esq./*

*Counsel for Movant/Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

_____

**J. NOAH, B.V.**                                         :         CIVIL ACTION


                                                          :         NO.   20-cv-20560 (SDW)(LDW)

vs.

**WILLIE J. MAXWELL, II d/b/a**                 :
 **ZOO GANG TOURING   ET AL.**

_____

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR DEFAULT JUDGMENT

To The Honorable Court:

Comes now your movant, plaintiff J. NOAH, B.V., who through its legal counsel, Alexander  J. Ginsburg, Peter Bowers, P.C., respectfully argues as follows:

### I.  INTRODUICTION/FACTS

Plaintiff/movant  J.NOAH, B.V.,  a music promoter, sued defendants for monies unlawfully retained for live musical performances which were never performed by the defendants/respondents.  This is a basic breach of express written contract case.

Plaintiff paid defendants more than $400,000, and defendants earned approx. half of that amount, and unlawfully retained $200,000 for performances that were never rendered by defendants, for no reason at all.  Defendants basically disappeared with the money, and despite promises to repay, none of the funds were repaid, requiring

5

plaintiff to commence this civil action. Plaintiff//movant seeks to recover the approx.. $200,000 in actual damages, along with $90,000 for expenses incurred as a result of defendants' failure to appear at 13 of the scheduled live shows.

## II. ARGUMENT: PLAINTIFF/MOVANT IS ENTITLED TO DEFAULT JUDGMENT AGAINST DEFENDANTS

On June 17, 2021, pursuant to Fed.R.Civ.Pro. 55(a), the Clerk of this Court properly and dutifully entered a default against the two defendants in this matter. Despite the fact that defendants have been provided more than ample opportunity to open or otherwise set aside the default, no action has been taken by defendants whatsoever. Accordingly, the time is ripe for this Court to enter a default judgment.

Rule 55(b)(2) empowers this Court to enter default judgment against the two defendants, jointly and severally, based upon the facts as alleged in the Complaint, the Exhibit to Complaint (contract between the parties), the within Motion for Default Judgment, the Exhibits attached to the Motion for Default Judgment, the sworn Declaration of the C.E.O. of plaintiff/movant, and based upon the Clerk's entry of default back in June of 2021,

It is within the Court's discretion to grant the default judgment with or without hearing, therefore this Court may grant the motion without the need for further hearing. Under Rule 55(b)(2) of the Federal Rules, there are four (4) determinative factors in regard to whether a hearing should be set:

"(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter."

Your movant respectfully and humbly submits that the Exhibits and Declaration attached to the within Motion for Default Judgment should satisfy the first three components for this Court. Certainly, if this Court believes that an investigation is appropriate in regard to any other matter, movant will cooperate and appear at hearing to address any of the Court's concerns in that regard.

### III. CONCLUSION

For the above-stated reasons, movant/plaintiff J. NOAH, B.V. respectfully requests that this Court GRANT its Motion for Default Judgment.

Dated: September 24, 2021

Respectfully submitted,

**PETER BOWERS, P.C.**
441 N. 5th Street, Suite 100
Philadelphia PA 19123
215-440-0300

*By: /Alexander J. Ginsburg, Esq./*

*Counsel for Movant/Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

_____

**J. NOAH, B.V.**                  :        CIVIL ACTION


                                  :        NO.   20-cv-20560 (SDW)(LDW)

vs.

**WILLIE J. MAXWELL, II d/b/a**    :
**ZOO GANG TOURING   ET AL.**

_____

**CERTIFICATE OF SERVICE**

I, Alexander J. Ginsburg, Esq. hereby certify that on this 24th day of September, 2021, pursuant to applicable Federal and Local Rule, a true copy of plaintiff's Motion for Default Judgment and accompany documents were filed electronically and are available for viewing and downloading from the ECF system, and a copy thereof sent to said defendants' address, via Certified Mail, Return Receipt Requested, and US. Regular 1st class mail, postage prepaid, being hand delivered to the post office and certificate of mailings issued by the postal authorities confirming the mailings as follows:

Willie J. Maxwell II dba Zoo Gang Touring, 800 Park Ave., Fort Lee, NJ 07024-3767

Zoo Gang Music, LLC d/b/a Zoo Gang Touring, 800 Park Ave., Fort Lee NJ 07024-3767

Attn:Willie J. Maxwell, II

Dated: September 24, 2021                **PETER BOWERS, P.C.**

                                         By: /*Alexander J. Ginsburg,  Esq../*

                                         Counsel for Plaintiff/Movant

8